### UNITED STATES v. HARRIS.
### No. 2606–B.

District Court, Alaska
First Division, Juneau.

Feb. 5, 1954.

**916**

James M. Fitzgerald, Asst. U. S. Atty., Juneau, Alaska, for plaintiff.

William L. Paul, Jr., Juneau, Alaska, for defendant.

FOLTA, District Judge.

The defendant was convicted in the Justice Court for Juneau Precinct of killing a deer during the closed season, in violation of regulations promulgated by the Secretary of the Interior, Title 50 CFR 46.100, 46.103, under the authority conferred upon him by Sec. 9 of the Alaska Game Law, 48 U.S.C.A. §§ 191 et seq., 198. Upon appeal the case was tried de novo before the Court without a jury.

The defense is that the killing was authorized under Title 50 CFR 46.31, which provides:

> "*For Emergencies Only.* An explorer, prospector, traveler, Indian or Eskimo may, when in need thereof and other sufficient food is not available, take animals, birds (except migratory birds), or game fishes in any part of the Territory at any time for food,"

which is merely a restatement, in permissive form, of the prohibitory provision of 48 U.S.C.A. § 198:

> "But no such regulations * * except as herein provided, shall prohibit any Indian or Eskimo, prospector, or traveler to take animals, birds, or game fishes during the closed season when he is in need of food and other sufficient food is not available".

The defendant is an Indian. He and another Indian left Kake on June 22, 1953, in a fishing vessel, with enough food for three or four days. They anchored in the lee of San Juan Island, about two and one-half to three hours distant from Kake, and fished for salmon from skiffs, in the immediate vicinity. On June 25th officers of the Fish and Wildlife Service of the Department of the Interior, on routine patrol, discovered the violation and apprehended the defendant. He admitted killing the deer and to having two rifles in his skiff at all times while fishing. On the trial he testified that he could not remember whether he told the officers that he had killed the deer on the 23rd, and that he thought it was the 24th.

The question presented is whether the killing of a game animal during the closed season, under the circumstances related, falls within the regulation quoted. The statutory provisions involved have not heretofore been construed judicially. On behalf of the defendant, it is argued that the law should not be construed to mean that food suf-

ficient for one or two days is "sufficient other food" under the law. On the other hand, the prosecution argues that if game may be killed under like circumstances, the law might as well be repealed. It appears, therefore, that two conflicting interests are involved * * the interest of the people of the United States in the conservation of game and the preservation in perpetuity of a source of food, and in the recreation it furnishes, and the interest of the classes specified in the statute in the right to take game for food in emergencies.

■ It is a matter of common knowledge, of which the Court takes judicial notice, that deer have been on the decline for the past decade and that residents and non-residents who live or spend considerable of their time in the wilderness of Alaska, or in the waters thereof on fishing vessels, believe that they should be permitted to, and, in fact, do in the majority of cases, live off the country to a greater or lesser extent. Since violations of this kind are committed in remote and isolated areas, they are rarely detected and, hence, the decline in both game and fish. If the position of the defendant is sound, then game could be killed by any one who first took the precaution of taking no, or insufficient, food on a long or short trek into the wilderness, even in cases where the claim of the right to take game for food was a mere pretext and the real object of the trip was a trophy, or the sport of hunting.

■ I cannot believe that it was the intent of the law to permit one who is only a few hours from home or food to take game out of season and that what Congress must have had in mind primarily are the classes whose way of life or pursuits take them into, or require them to live in, isolated or remote wilderness areas and who find themselves, from causes beyond their control, without other sufficient food. Indeed, the implications of the heading of the regulation, "For Emergencies Only" would seem to require this construction, 2 Sutherland Statutory Construction, 386, Sec. 4903.

■ I find that the defendant and his co-adventurer took what food they believed would be sufficient for the trip contemplated; that this was in fact sufficient; that the deer was shot on June 23rd; that the weather was fair and that they could have returned to Kake in two and one-half to three hours, and that other fishing vessels were in the vicinity from which food might have been obtained. From the foregoing, I conclude that in shooting the deer, defendant violated 48 U.S.C.A. § 195 and regulation 46.103, 50 CFR.